**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| ROBERT D. BEAUPRE,<br><br>      Plaintiff,<br><br>v.<br><br>SEACOAST SALES, INC. and JOHN HADDAD.<br><br>      Defendants. |

CA No. 18-10968-DJC

### ORDER ON PLAINTIFF'S MOTION TO COMPEL, AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

CABELL, U.S.M.J.

Two related motions pend before the court, including Plaintiff Robert Beaupre's Motion to Compel Responses to Plaintiff's Discovery Requests (D. 33), and Defendants' Motion for a Protective Order Regarding Depositions Scheduled for December 12, 2019 and December 17 and 18, 2019 (D. 38). For the reasons chiefly articulated in court and referenced below, the motions are <u>allowed in part</u> and <u>denied in part</u>.

### Relevant Background

Defendant Seacoast, led by co-defendant Haddad, is a food and beverage brokerage firm that helps suppliers distribute their products to various grocery markets and food stores.

Haddad hired the plaintiff as Director of Sales to grow the company's sales, reportedly by servicing existing clients, helping to procure new ones, and by assisting on other accounts not specifically assigned to him.  The plaintiff contends that he performed well but that the defendants terminated him because his age forced the company to pay more in health-care related costs than the company was willing to pay, and then replaced him with a younger person.

The plaintiff seeks *inter alia* discovery regarding the company's financial performance for the three-year period running from the year before he was hired through the year following his termination, and his replacement's personnel file. The plaintiff argues that such discovery will show whether he performed well (as he contends) and thus is relevant to establish liability as well as to show that the defendants' articulated reason for terminating him (poor performance) is a pretext for age discrimination.  The defendants contend generally that the plaintiff's requests are overly broad and should be limited to the handful of accounts specifically under the plaintiff's responsibility.

**Discussion**

A. The Plaintiff's Motion to Compel

With respect to the first set of documents requested concerning the company's financial information (First Requests

for Production #37, #39, #68, and #69), the court finds for the reasons discussed in court that the information sought is relevant and discoverable.  The court accordingly compels the production of those documents with the following limitations.  The defendants are only required to produce documents for the roughly three-year timeframe beginning one year before the plaintiff's hiring and running through one year after his termination.  As discussed at the hearing, the plaintiff will endeavor to provide more specific requests for the exact documents sought (such as year-end reports, summaries, financial statements, etc.), and the defendants retain the right to interpose an objection based on undue burden or privilege.

With respect to the second set of documents requested concerning accounts that the plaintiff was charged with servicing (First Requests #41, #42, and #46), the court similarly finds that the documents sought are relevant and will compel their production subject to the same limitations noted above.

With respect to the third set of documents requested concerning the personnel file and daily travel diary of another Seacoast employee, Peter McArdle, the court will compel only the production of documents establishing McArdle's age and comparative qualifications for the position.  The court is not persuaded that the needs of this case entitle the plaintiff to

any information beyond those bearing on the plaintiff's assertion that he was replaced with someone younger and arguably less qualified than he.

    B. The Defendants' Motion For a Protective Order

The defendants object to the breadth of the scope of the noticed 30(b)(6) deposition of Seacoast as it relates to topics #13, #20, #22, #23, #24.  For largely the same reasons discussed above and in court, the court finds that the topics the plaintiff seeks to depose Seacoast's representative about are generally appropriate.  That being said, the court agrees that the verbiage requiring the designee to be versant on "all matters" or "all documents" renders the notice overbroad and unduly burdensome.  Accordingly, while Seacoast should (as the pertinent discovery rules require) make best efforts to designate one who is in fact knowledgeable on the topics listed, the designee is not expected to literally be knowledgeable on "all" matters or documents.  Further, the relevant time frame should be limited to the three-year period discussed above.

The defendants also request that any limitations imposed on the 30(b)(6) depositions also be imposed on the noticed depositions of John Haddad, Pamela Harding, and Peter McArdle.  The court agrees; the approximate three-year timeframe for the relevant inquiry will apply to these depositions as well.

Finally, the defendants seek to limit the scope of the topics of the noticed third-party deposition of Hannaford Bros., Co. (Hannaford), a long-time Seacoast partner (Topics #1-4). Though the defendants are correct that a party may in certain cases seek a protective order for a third-party deposition, no protective order is warranted here.  The information sought by the plaintiff is relevant and Hannaford itself has not moved to quash or asked for a protective order.  Accordingly, this deposition may go forward, but subject to the same restrictions on the relevant timeframe stated above.

***SO ORDERED.***

*/s/ Donald L. Cabell*
DONALD L. CABELL, U.S.M.J.

DATED:  December 17, 2019